UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANET GULLIFORD, o/b/o
DESIREE GULLIFORD

    Plaintiff,                      CIVIL ACTION NO. 06-12654

  v.                                DISTRICT JUDGE VICTORIA ROBERTS

                                    MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF          FORMERLY ASSIGNED TO
SOCIAL SECURITY,           MAGISTRATE JUDGE WALLACE CAPEL, JR.

    Defendant.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendant's Motion for Summary Judgment should be GRANTED, and that of Plaintiff DENIED, as there was substantial evidence on the record supporting the Commissioner's decision to terminate childhood disability benefits.

\* \* \*

Claimant is a minor female child who is now seventeen years old. The Social Security Administration (SSA) originally awarded her childhood disability benefits in March 1990, when she was born, based on a congenital abnormalities affecting her right leg, both feet and left hand[1]. Her medical eligibility was subsequently reviewed by the SSA and found to have ceased effective March 1998, as a result of medical improvement (TR 107-111). The cessation of benefits was affirmed upon reconsideration by the SSA.  A requested de

---

[1]On December 9, 1997, claimant's mother completed a "Report of Continuing Disability" (TR 140-149). She indicated that Desiree was receiving benefits because she had no toes on either foot and was missing three fingers and half of her thumb on her left hand (TR 140).

novo hearing was held on January 28, 2003[2], before Administrative Law Judge (ALJ) William Musseman. In a decision dated March 24, 2003, ALJ Musseman determined that the claimant was not entitled to childhood disability benefits after March 1998, because her physical impairments no longer resulted in marked and severe functional limitations (TR 230-240).  The Appeals Council declined to review that decision, and Plaintiff commenced the instant action for judicial review of the termination of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's termination of childhood disability benefits after March 1998, was supported by substantial evidence on the record.

    Desiree was 8 years old when childhood disability benefits were terminated in May 1999 (TR 25).  Claimant's mother believed that her daughter was entitled to continuing benefits due to deformed feet (TR 200).  The mother explained that Desiree could not run as fast as other children her age because she was shorter and weighed less than her peers (TR 201-202).  Ms. Gulliford stated that Desiree often lost her balance and fell down whenever she attempted to run (TR 202).  In addition, Desiree reportedly had dental and vision problems (TR 202-203).  She sometimes wore a leg brace to help her walk (TR 275).

        Candace Schnepp, Desiree's third grade teacher, completed a School Activities Questionnaire, in March 1999 (TR 190-191).  Ms. Schnepp reported that Desiree had a normal attention span, average performance, responded positively to change in the

---

[2]An earlier hearing was held in May 1999 (TR 194-204), which resulted in a decision to terminate childhood disability benefits (TR 6-17).  The decision was vacated by the Appeals Council in July 2002, at the direction of the United States District Court, and the case was remanded for further medical evaluation of claimant's physical condition (TR 266-267).  No testimony was taken at the remanded hearing in January 2003, but the ALJ did accept additional medical records into the record (TR 291).

**2**

classroom environment, and adequately performed age-appropriate hygiene/self care activities (TR 190).  She further reported that Desiree was a pleasant, well behaved child, who had an average ability to communicate and got along with others (TR 191).  Desiree functioned well and compensated well for her missing fingers.  Although she had some difficulty running and completing art projects, she found methods to complete her work with little or no adaptation.  Ms. Schnepp concluded that Desiree's physical disability was not a problem, although it might present challenges as she got older.  Plaintiff's report card shows that she received A's and B's in the third grade (TR 192).

ELIGIBILITY FOR SSI CHILDHOOD DISABILITY BENEFITS

A child will be considered disabled if she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations."  42 U.S.C. § 1382(a)(3)(C)(I).  To determine whether a child's impairments result in marked and severe limitations, SSA regulations prescribe a three step sequential evaluation process:

> 1.  A child will be found "not disabled" if she engages in substantial gainful activity.
>
> 2.  A child will be found "not disabled" if she does not have a severe impairment or combination of impairments.
>
> 3.  A child will be found "disabled" if she has an impairment or combination of impairments that meets, medically equals, or functionally equals an impairment listed in
> 20 C.F.R. Part 404, Subpart P. Appendix 1. 20 C.F.R. § 416.924(a) (2006).

To determine whether a child's impairment(s) functionally equal the listings, SSA will assess the functional limitations caused by the child's impairment(s). 20 C.F.R. § 416.926a(a)(2003). SSA will consider how a child functions in six domains:

1. Acquiring and using information;

2. Attending and completing tasks;

3. Interacting and relating with others;

4. Moving about and manipulating objects;

5. Caring for yourself; and

6. Health and physical well being.

20 C.F.R. 416.926a(b)(1).

If a child's impairments result in "marked" limitations in two domains, or an "extreme" limitation in one domain,[3] the impairment functionally equals the listing and the child will be found disabled.  20 C.F.R. 416.926a(d).

LAW JUDGE'S DECISION

After finding that the claimant had never performed substantial gainful activity, the Law Judge determined that she was indeed impaired as a result of congenital anomalies, but that these physical problems were not severe enough to meet or medically equal any of those found in the Listing of Impairments. Moreover, the Law Judge found that claimant's impairments did not "functionally equal" the Listing because the medical problems stemming from the congenital anomalies had not resulted in any disabling functional limitations affecting her motor, communicative, social or personal development. Consequently, the ALJ determined that childhood SSI benefits had been properly terminated, effective March 1998, based on medical improvement.

---

[3]A marked limitation is one that "interferes seriously with [a child's] ability to independently initiate, sustain or complete activities." 20 C.F.R. § 416.926a(e)(2). An extreme limitation is one that "interferes very seriously with [a child's] ability to independently sustain or complete activities." 20 C.F.R. § 416.926a(e)(3).

**4**

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Once a district court acquires subject matter jurisdiction to review a final decision of the Commissioner, the court has the power to affirm, modify, reverse or remand the action. Judicial review of those decisions is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

DISCUSSION AND ANALYSIS

Plaintiff does not challenge the ALJ's finding that she did not meet or medically equal a listed impairment. Nor does the claimant challenge the ALJ's finding that she had less

than marked limitations in four of the six areas of functioning[4]. Plaintiff instead contends that, because Desiree suffers from a marked limitation affecting her ability to care for herself (domain #5), she has satisfied the standard for functional equivalence.

The SSA regulations defines the concept of "caring for yourself" in the following manner:

> In this domain, the agency considers how well the child maintains a healthy emotional and physical state, including how well she gets her physical and emotional wants and needs met in appropriate ways; how she copes with stress and changes in her environment; and whether she takes care of her own health, possessions and living area.

20 C.F.R. § 416.926a(k) (2006).

As a general matter, caring for oneself effectively "is characterized by a sense of independence and competence. The effort to become independent and competent should be observable throughout childhood." 20 C.F.R. § 416.926a(k)(1)(i) 2006. It involves internal regulation and the "ability to respond to changes in one's emotions and the daily demands of one's environment to help [oneself] and cooperate with others in taking care of one's personal needs, heath and safety." Id.  In addition, "caring for oneself effectively means becoming increasingly independent in making and following your own decisions... relying on one's own abilities and skills, and displaying consistent judgment about the consequences of caring for oneself." 20 C.F.R. § 416.926a(k)(ii) (2006).  It includes using "independence and competence to meet your physical needs, such as feeding, dressing, toileting and bathing, appropriate for your age." Id.

---

[4]The ALJ concluded that Plaintiff had a marked limitation in her ability to move about and manipulate objects (domain #4), but had less than marked limitations in the five other critical child domains (TR 237-238).

Contrary to Plaintiff's assertion, substantial evidence existed on the record supporting the Law Judge's decision terminating childhood disability benefits due to a medical improvement. Although the claimant alluded to the fact that she took longer than normal to complete her chores, even with the help of her mother (TR 273), Desiree's teachers indicated that she could attend to her hygiene and self-care without difficulty in an age appropriate manner (TR 170, 190).

Stacie Thompson, Desiree's second grade teacher, stated that the claimant had no problems with her attention span, concentration and on-task behavior, ability to work without supervision, ability to understand and complete assignments on time, response to changes of routine in the class environment, or the performance of age appropriate hygiene and self-care activities (TR 170). Ms. Thompson noted that Desire had difficulty writing and coloring as neatly as other students due to her missing fingers, but that Desiree was very determined and hard working (TR 170). Ms. Schnepp, claimant's third grade teacher, reported that Desiree had a normal attention span. She exhibited average performance, responded positively to change in the classroom environment, and adequately performed age-appropriate hygiene/self care activities (TR 190). She further reported that Desiree was a pleasant, well behaved child, who had an average ability to communicate and got along with others (TR 191). Desiree functioned well and compensated well for her missing fingers. Although she had some difficulty running and completing art projects, she found methods to complete her work with little or no adaptation needed. Ms. Schnepp concluded that Desiree's physical disability was not a problem, although it might present challenges as she got older (TR 191). Desiree's seventh grade teacher, Ms. Garvin, reported in January 2003, that the claimant had a problem with her feet that caused her to limp, but did

not seem to limit her activities. The teacher noted that she had seen Desiree dance at school functions (TR 287). These comments from claimant's teachers suggest that Desiree could not only care for herself reasonably well with regard to her personal care, but that she was adaptable, reasonably independent in her functioning, understood what was proper behavior and could otherwise care for herself, as set forth in the regulations.

As pointed out by the ALJ, there is no evidence in the record that Desiree was completely unable to attend to her personal needs such as bathing, feeding or dressing herself. The record also contains no evidence to suggest that she has any physical, mental or emotional problems that would prevent her from communicating effectively with others whenever she required additional help. Significantly, her teachers have reported observing no appreciable difficulties in her ability to adapt to changes of routine or to tolerate the stress involved with those changes.

In sum, the Commissioner's decision to terminate childhood SSI benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and

Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                    s/Donald A. Scheer
                    DONALD A. SCHEER
                    UNITED STATES MAGISTRATE JUDGE

DATED: February 28, 2007

_____

### CERTIFICATE OF SERVICE

I hereby certify on February 28, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on February 28, 2007. **None.**

                    s/Michael E. Lang
                    Deputy Clerk to
                    Magistrate Judge Donald A. Scheer
                    (313) 234-5217